

**Nick Brown**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000  •  Seattle, WA 98104-3188  •  206-464-7744

June 10, 2025

*Filed and Served via ECF*

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    ***National Job Corps Association, et al., v. Department of Labor, et al.***
              **No. 1:25-cv-04641-ALC**

Dear Judge Carter:

Pursuant to Section 2.A of this Court's Individual Practices, I write to respectfully request a premotion conference in connection with an anticipated motion for leave to file a brief on behalf of the States of Washington, Nevada, and a coalition of additional States as *amici curiae* in support of the plaintiffs in this case. In the alternative, the Amici States respectfully request that the Court treat this letter as a motion for leave to file an amicus brief and order that the Amici States may file a brief *amici curiae* by June 13, 2025, so that the Court may consider it before argument on the plaintiffs' preliminary injunction.

"The decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the Court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (Carter, J.) (citing *Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)). "An *amicus* brief should normally be allowed . . . when a party . . . is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)).

The Amici States meet this standard because they have significant interests in the outcome of this case and can provide unique information and perspectives that can help the Court evaluate the public interest in a preliminary injunction. The Amici States benefit from Jobs Corps' mission to help "eligible youth become more employable, self-sufficient and responsible citizens." ECF No. 19 (Complaint) ¶ 13. Job Corps provides critically needed academic and

ATTORNEY GENERAL OF WASHINGTON

June 10, 2025
Page 2

career training services, and, in many cases, irreplaceable housing for at-risk youth who reside in the Amici States. The closure of Job Corps centers in the Amici States would impose significant additional burdens on State agencies and strain State-provided services in the short run while harming core State interests in protecting vulnerable young people and strengthening labor markets over time. These considerations are essential to the Court's evaluation of the public interest in injunctive relief, and the Amici States are uniquely positioned to provide the Court with perspective on these impacts.

Furthermore, the elimination of the Job Corps program appears to be part and parcel of a wide-ranging campaign by the Trump Administration to unlawfully dismantle Congressionally mandated programs it dislikes. The Amici States have sued the federal government in jurisdictions across the country, bringing claims that share many of the core allegations that Plaintiffs have made here: namely, that the Defendants have exceeded their statutory authority in terminating a federal program and acted in an arbitrary and capricious manner in violation of the Administrative Procedures Act.[1] The Amici States have likewise filed amicus briefs in recent cases in support of private plaintiffs challenging unlawful federal action.[2] The Amici States share an interest in vindicating separation of powers principles and enjoining violations of federal law that have caused and, if unchecked, will continue to cause concrete injuries to the States and threaten the Constitutional balance of power between the States and the federal government. The Amici States therefore have unique experience and perspective that will help illuminate these issues for the Court.

I have conferred with counsel for the Parties. Plaintiffs consent to the Amici States' filing of a brief; Defendants take no position with respect to the Amici States' intention to seek leave to file a brief.

Respectfully submitted,

*/s/ Zane Muller*

ZANE MULLER
Assistant Attorney General
Zane.Muller@atg.wa.gov

---

[1] *See, e.g.*, *Washington v. U.S. Dep't of Trans.*, 2:25-cv-00848 (W.D. Wash. May 7, 2025) (challenging the revocation of state plans to access funds for electric vehicle infrastructure); *Maryland v. Corp. for Nat'l & Comm. Serv.*, 1:25-cv-01363 (D. Md. Apr. 29, 2025); *Colorado v. U.S. Dep't of Health & Hum. Servs.*, 1:25-cv-00121 (D.R.I. Apr. 1, 2025) (challenging termination of over $10 billion in public health grants to states); *New York v. McMahon*, 1:25-cv-10601 (D. Mass. Mar. 13, 2025) (challenging efforts to dismantle the U.S. Department of Education).

[2] *See, e.g.*, *Vera Institute of Justice, et al. v. U.S. Dep't of Justice,* 1:25-cv1643 (D.D.C. June 6, 2025) (ECF No. 20); *Haitian Evangelical Clergy Ass'n v. Trump,* 1:25-cv-01464 (E.D.N.Y. Apr. 28, 2025) (ECF No. 43).