

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 11, 2025

**BY ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *National Job Corps Association et al. v. Dept. of Labor et al.*, No. 25 Civ. 04641 (ALC)

Dear Judge Carter:

  This Office represents defendants, the U.S. Department of Labor and Lori Chavez-DeRemer, in her official capacity as Secretary of Labor. We write in response to the Court's request, ECF No. 60, for a submission regarding the impact of the Supreme Court's recent ruling in *Trump v. CASA, Inc.*, __ S. Ct. __, 2025 WL 1773631 (June 27, 2025), on this proceeding. As explained below, *CASA* requires this Court to substantially narrow the preliminary injunction it entered in this case on June 25, ECF No. 62.

  In *CASA*, the Supreme Court held that an injunction may be no "broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at *15. The governing principle is that a court granting equitable relief "may administer complete relief *between the parties*." *Id.* at *11 (quotation marks omitted; emphasis in original). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* (emphasis in original). And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *Id.* at *12. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id.* (quotation marks omitted).

  Applying these principles here, this Court's injunction is impermissibly overbroad because it extends beyond the plaintiffs to preclude the government from acting with respect to non-parties. The plaintiffs to this action are four contractors that together operate 31 of the 99 privately operated Job Corps centers (the "Operator Plaintiffs"), *see* ECF No. 62 at 3 n.4; a student at a Job Corps center run by one of the Operator Plaintiffs; the Transportation Communications Union/IAM ("TCU"), which provides training services at eight Job Corps centers (three of which are operated by Operator Plaintiffs and the other five of which are operated by non-party contractors); and the National Jobs Corps Association ("NJCA"), a trade organization. Plaintiffs argue that NJCA's nationwide operation justifies universal relief. *Id.* at 3. But as made clear in plaintiffs' complaint and other papers, NJCA has sued on its own behalf—not on behalf of its individual members. *See* ECF No. 57 at 11 n.7. Plaintiffs alleged, and this Court found, that, absent an injunction, NJCA faced a "threat[] [to its] very existence" because there would "be virtually no Job Corps centers left to advocate for," and "no funding for members to pay their dues" to NJCA. *Id.* at 11-12. A *CASA*-compliant injunction, limiting relief to the 36 Job Corps centers at which the remaining

plaintiffs work or study, would leave NJCA with dozens of centers to advocate for and from which to extract membership dues, eliminating the alleged harm.

Plaintiffs assert that *CASA* does not apply in this case because their claims arise under the Administrative Procedure Act ("APA"), and the Supreme Court did not resolve whether a federal court may vacate federal agency actions under that statute. ECF No. 62 at 2 (citing *CASA*, 2025 WL 1773631 at *8 n.10). But this Court did not "set aside" any agency action under 5 U.S.C. § 706(a); it granted a preliminary injunction under its traditional equitable authority, an authority that *CASA* made clear is limited to providing relief to the parties themselves. If this Court intended to vacate any agency action under the APA, the Government respectfully asks that the parties be afforded the opportunity to provide supplemental briefing on the scope of the relief authorized under that statute.

Plaintiffs cite Justice Kavanaugh's concurrence in *CASA* and the Second Circuit's decision in *New York v. DHS*, 969 F.3d 42 (2d Cir. 2020), but neither of these support a universal preliminary injunction here. ECF No. 62 at 2-3. Justice Kavanaugh suggests that "preliminarily setting aside or declining to set aside an agency *rule* under the APA" may be "the functional equivalent of a universal injunction." 2025 WL 1773631 at *21 (Kavanaugh, J., concurring) (emphasis added). His concern specifically relates to agency rules of general applicability, in which considerations of uniformity of application may lead a court to consider relief beyond the parties. That concern is not present here, where the challenged agency action is the termination of dozens of separate contracts for the operation of distinct Job Corps centers. And *New York v. DHS* actually supports the principle that injunctive relief against an agency action should be limited to the parties that challenge it. The district court in that case entered a nationwide injunction against the application of an agency's immigration rule. *See id.* at 87-88. But on appeal, the Second Circuit narrowed the injunction to the three plaintiff states—despite its concerns about potentially inconsistent application of national immigration rules. *See id.* Here, where the termination of the contract for each Job Corps center can be considered independently, and the agency's actions have been challenged by plaintiffs only representing a fraction of those centers, no relief beyond the individual plaintiffs is permissible or appropriate.

Accordingly, the Government respectfully submits that, following *CASA*, the Court should narrow its preliminary injunction to cover only the 31 Job Corps centers operated by the Operator Plaintiffs and the five additional centers at which TCU provides training services.

We thank the Court for its attention to this matter.

Respectfully,

JAY CLAYTON
United States Attorney

By:   */s/ Jean-David Barnea*
      JEAN DAVID BARNEA
      DOMINIKA TARCZYNSKA
      Assistant United States Attorneys

 86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2679/2748
jean-david.barnea@usdoj.gov
dominika.tarczynska@usdoj.gov