UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
NATIONAL JOB CORPS ASSOCIATION,
ET. AL.,

                *Plaintiffs*,

    -against-                                **1:25-cv-04641-ALC**

DEPARTMENT OF LABOR, and LORI           **ORDER**
CHAVEZ-DEREMER, in her official
capacity as Secretary, Department of Labor,

                *Defendants.*

-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

On June 27, 2025, this Court Ordered the Parties to file letters with the Court explaining the impact of the Supreme Court's ruling in *Trump v. Casa, Inc.*, 145 S. Ct. 2540 (June 27, 2025) on the injunction issued in this matter. Dkt. No. 60. As discussed at the oral argument held before this Court on Wednesday, July 23, 2025, the Court's injunction here did not vacate or otherwise set aside agency action pursuant to the Administrative Procedure Act ("APA"); instead, it enjoined the agency's actions nationwide pursuant to the Court's traditional equitable authority. Therefore, in light of the Supreme Court's ruling in *Trump v. Casa*, the Court is required to narrow the scope of the injunction in this matter to the 31 centers operated by the Operator Plaintiffs and the 5 additional centers at which Plaintiff Transportation Communications Union/IAM provides training services.[1]

The preliminary injunction previously issued in this matter is amended as follows:

UPON CONSIDERATION OF the Plaintiffs' motion for a preliminary injunction (Dkt. Nos. 6

---

[1] Were this a class action or had Plaintiffs' request for an injunction been sought pursuant to §§ 705 or 706 of the APA (i.e., 5 U.S.C. §§ 705–706), the result may very well be different.

and 41) and accompanying papers, as well as Defendants' Opposition thereto (Dkt. No. 29) and accompanying papers, as well as the arguments made by the Parties at the hearing held on June 17, 2025, it is hereby:

ORDERED that the motion for a Preliminary Injunction is GRANTED with respect to the 31 centers covered by the Operator Plaintiffs and the 5 additional centers at which Plaintiff Transportation Communications Union/IAM provides training services;

It is further ORDERED that Defendants, their agents, and all persons acting in concert or participation with Defendants are ENJOINED from enforcing, implementing, maintaining or giving effect to the closure of the private Job Corps centers, including the stop work orders and termination and non-renewal notices delivered to Job Corps center operators starting May 29, 2025, from issuing, enforcing, implementing, maintaining or giving effect to any shutdown tasks, job terminations, or student removals; and from taking any further action to close any Job Corps Centers without following the steps outlined in 29 U.S.C. §3209(j) or without Congressional authorization;

It is further ORDERED that this injunction will not supersede any contrary ruling by any other federal district court;

It is further ORDERED that Plaintiffs post security pursuant to Federal Rule of Civil Procedure 65(c) (the $200,000 bond previously posted by Plaintiffs is sufficient).

**SO ORDERED.**

**Dated:   July 24, 2025**
           **New York, New York**                                    **ANDREW L. CARTER, JR.**
                                                                     **United States District Judge**