# Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mfeldman@heckerfink.com

January 12, 2026

**BY CM/ECF**

The Honorable Andrew L. Carter
United States District Court for the Southern District of New York
40 Foley Square, Room 444
New York, New York 10007

> Re:    *NJCA et al. v. DOL et al.*, No. 25 Civ. 4641 (ALC)

Dear Judge Carter:

We write on behalf of Plaintiffs in response to the Court's January 7, 2026 Order directing the parties to file letters "respond[ing] to Dkt. Nos. 123, 149, and 151," and, in those letters, to "address whether the Wind River Job Corps Center in Riverton, Wyoming is represented by the Plaintiffs in this lawsuit" and "consider and address Judge Friedrich's opinion in *Cabrera, et al v. U.S. Dep't of Labor, et al*, No. 25-cv-01909, (D.D.C. Aug 11, 2025) Dkt. No. 63." ECF 176.

Plaintiff Arbor E&T LLC operates the Wind River Job Corps Center, and that Center is therefore represented by the Plaintiffs in this lawsuit. Further, Mr. Valine "seek[s] . . . the same relief requested by the plaintiffs," ECF 151, and so any legal interest he has asserted in this litigation is "protected adequately by the parties to the action." *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999) (citation omitted) (stating requirements to intervene as of right); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (explaining that "whether [proposed intervenors'] interests are 'adequately represented by the other parties'" is consideration for permissive intervention (citation omitted)). Judge Friedrich's order denying Mr. Valine's application to intervene in *Cabrera* is in accord. *See* No. 25 Civ. 1909, ECF 63 at 4 (holding that "Valine's WIOA claim is duplicative and adequately represented by the plaintiffs").

Plaintiffs ultimately defer to the Court on the motion to intervene.

Respectfully submitted,

Maximillian L. Feldman