

MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __4/10/2026__

*86 Chambers Street*
*New York, New York 10007*

January 12, 2026

BY ECF

The Honorable Andrew L. Carter, Jr.
United States District Judge
40 Foley Square
New York, NY 10007

Re:    *National Job Corps Association et al. v. Dept. of Labor et al.*, No. 25 Civ. 04641 (ALC)

Dear Judge Carter:

This Office represents Defendants the U.S. Department of Labor ("DOL") and Lori Chavez-Deremer, in her official capacity as Secretary of Labor.  We write in accordance with the Court's January 7, 2026 order, ECF No. 176, to respond to the following documents recently filed by Jacob Valine: (1) his September 23, 2025 Motion for Joinder as Plaintiff, ECF No. 123; (2) his October 10, 2025 Motion to Compel and Fast-Track Background Checks, ECF No. 149; and (3) his October 15, 2025 Motion to Intervene, ECF No. 151.

Background

By way of background, Mr. Valine previously file a motion to intervene in this matter, ECF No. 76, which the Court denied on July 28, 2025, for failure to satisfy the requirements of Federal Rule of Civil Procedure 24(c), because his motion "failed to set out the claim or defense for which intervention is sought" and for failure to properly serve the parties pursuant to Rule 5. ECF No. 78.  On August 13, 2025, Mr. Valine then filed a second motion to intervene with a declaration and complaint. ECF Nos. 88-93.  He then withdrew that motion, ECF No. 96, and moved to seal those filings, ECF No. 97.  On August 18, 2025, he moved to strike his second motion to intervene and supporting filings, ECF No. 99, which the Court granted on January 7, 2026, ECF No. 177.

Mr. Valine has similarly sought to participate in the *Cabrera v. U.S. Department of Labor*, 25-cv-1909 (DLF) (D.D.C.), litigation pending in the District Court for the District of Columbia, seeking to bring claims under Title II of the Americans with Disabilities Act (ADA), the Workforce Innovation and Opportunity Act (WIOA), and Section 504 of the Rehabilitation Act, in connection with the May 2025 pause of Job Corps operations. On August 11, 2025, the D.C. court denied Mr. Valine's motion to intervene under both Rule 24(a) and (b).  *Cabrera,* Dkt. 63.[1]

---

[1] Mr. Valine also filed a separate action in the District of Columbia, *Valine v. U.S. Department of Labor*, 25-cv-2352 (D.D.C.), asserting claims under the ADA, WIOA, and Section 504 of the Rehabilitation Act.  He then moved to transfer that action to the District of Wyoming, *Valine*, Dkt. 12, which was granted, and the case was transferred to the District of Wyoming, *id.* Dkt. 21. In the

Mr. Valine's Status in the Job Corps Program

Based on DOL's records, Mr. Valine initially applied to enroll in the Job Corps program in March 2025. Throughout the admissions process, he requested multiple Job Corps Center changes, which resulted in several applications being initiated.[2] Eventually, his applications were consolidated and resolved, resulting in a single, accurate background check request on November 5, 2025. Mr. Valine's background check has been completed, and he has cleared the eligibility process. He has a scheduled arrival date of January 27, 2026, at the Oconaluftee Job Corps Center (a USDA Forest Service-operated center located in Cherokee, NC).

Mr. Valine's Requests Should be Denied

First, Mr. Valine filed a "Motion for Joinder," ECF No. 123, although Mr. Valine does not specify the procedural mechanism by which he seeks to be joined, the Government assumes that he is seeking to be permissibly joined as a Plaintiff under Rule 20(a)(1). As ground for his motion, he asserted that the Job Corps shutdown "harmed [him] just like it harmed the other plaintiffs" and that he was "formally accepted into Jobs Corps and had [his] flight booked when the shutdown occurred." However, only a person that is already a party to an action may make a motion for joinder. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (". . . nor have we been able to locate any case, in which a court granted a motion to join made by a non-party to the lawsuit. It would seem that the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24."); *Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000) ("A nonparty cannot on its own motion join as a party under Rule 19 or 20."); *Hubner v. Schoonmaker*, CIV. A. No. 89–3400, 1990 WL 149207, at *4 (E.D. Pa. Oct. 2, 1990) ("If an existing party is seeking to bring in an outsider the court should apply the joinder provisions of Rules 19 and 20; if the outsider is seeking to enter the suit of his own accord, the court should apply the intervention provisions set forth in Rule 24."). Accordingly, Mr. Valine's motion for joinder should be denied, and the court should instead consider his subsequently filed motion for intervention.

Second, in ECF No. 151, Mr. Valine's third motion to intervene, he alleges that he has been harmed by DOL's suspension of the background checks, because he was allegedly prevented from enrolling in Job Corps. Rule 24 governs intervention. As an initial matter, Rule 24(c) requires a party seeking intervention to "state the grounds for intervention" and "be accompanied by a pleading that sets out the claim … for which intervention is sought." The Court previously denied Mr. Valine's intervention motion for failure to comply with these requirements, *see* ECF No. 78.

---

District of Wyoming, Mr. Valine then voluntarily dismissed the case. *Valine v. Department of Labor*, 25-cv-217 (ABJ) (D. Wy.), Dkt. Nos. 23, 26, 28-33.

[2] According to his initial motion to intervene, Plaintiff was preparing to attend the Wind River Job Corps Center at the time of the May 2025 pause of Job Corps operations at privately operated centers. ECF No. 71-1. Your Honor requested that the Parties address whether the Wind River Job Corps Center in Riverton, Wyoming is represented by the Plaintiffs in this lawsuit. *See* ECF No. 176. We understand based on representations from Plaintiffs' counsel that that Center is run by one of the Plaintiffs in this action.

Although Mr. Valine's most recent motion to intervene states that his "claims are substantially the same as those asserted by the original plaintiffs in the First Amended Complaint, which I adopt and incorporate by reference," ECF No. 151, this still fails to meet the requirements of the rule and should be denied on that basis alone.

If the Court were inclined to analyze the merits of the motion, Mr. Valine has not specified whether he is seeking to intervene as of right under 24(a) or by permission under 24(b), but his motion should be denied whichever standard applies. "To be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.' . . . a '[f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (emphasis in original) (quoting *"R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). At this point Mr. Valine's background check has been completed, and he is now scheduled to start at a USDA Forest Service-operated center. This action challenges the May 2025 pause of operations at the privately contracted Job Corps centers (which has now been enjoined), not the USDA operated ones. Accordingly, Mr. Valine likely lacks standing and would be unable to show an interest in this action that may be impaired by disposition of this action. But even if he could, he has not shown that his interest is not adequately protected by the parties to the action; to the contrary, he alleges that he has the same claims and seeks the same relief.[3] On these bases his motion to intervene should be denied.

Finally, Mr. Valine's "Motion to Compel and Fast-Track Background Checks," ECF No. 149, should likewise be denied. As an initial matter, because Mr. Valine is not entitled to intervene as a party, he cannot file a motion seeking relief in this matter. Moreover, his motion is without merit as DOL is currently processing background checks, and Mr. Valine's own background check has been completed.

We thank the Court for its attention to this matter.

Respectfully,

JAY CLAYTON
United States Attorney

By:    */s/ Dominika Tarczynska*
JEAN DAVID BARNEA
DOMINIKA TARCZYNSKA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2679/2748

---

[3] This is unlike the motion to intervene that he filed in *Cabrera* in which he sought to add new ADA, WIOA, and Rehabilitation Act claims. *See Cabrera*, Dkt. 63.

jean-david.barnea@usdoj.gov
dominika.tarczynska@usdoj.gov

The Court has reviewed and considered non-party Jacob Valine's Motion for Joinder (Dkt. No.123), Motion to Intervene (Dkt. No. 151), Motion to Compel and Fast-Track Background Checks (Dkt. No. 149); Defendants' Opposition thereto (Dkt. No. 179); and all documents submitted therewith and cited in each of the foregoing. After careful consideration, for the reasons outlined by Defendants above, each of Valine's Motions is **DENIED**.

The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. Nos. 123, 149, and 151.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

April 10, 2026