**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL JOB CORPS ASSOCIATION *et al.*,<br>Plaintiffs,<br>– against –<br>DEPARTMENT OF LABOR *et al.*,<br>Defendants. | No. 25 Civ. 04641 (ALC) |

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, the U.S. Department of Labor ("DOL") administers the federal Job Corps Program pursuant to Title I of the Workforce Innovation and Opportunity Act ("WIOA"), 29 U.S.C. § 3191 *et seq.*;

WHEREAS, DOL contracts with private contractors to operate many of the Job Corps Centers, pursuant to 29 U.S.C. § 3197(a)(1)(A);

WHEREAS, on or about May 29, 2025, DOL issued various contract notices (stop-work orders, termination notices, non-renewal notices, and related notices or announcements) that terminated (or did not renew) all Job Corps operations contracts with private contractors as of June 30, 2025 (collectively, the "Termination Notices");

WHEREAS, on June 3, 2025, Plaintiffs—several contractors that operate Job Corps Centers or provide services to Job Corps Centers, a trade association, and a Job Corps student—filed a complaint in the above-captioned lawsuit and moved for a preliminary injunction;

WHEREAS, on June 25, 2025, the Court entered an Opinion and Order granting a preliminary injunction (the "Preliminary Injunction") that, among other things, prevented DOL

from enforcing, implementing, maintaining, or giving effect to the Termination Notices for all Job Corps Centers nationwide;

WHEREAS, the Court ordered Plaintiffs to post a bond in the amount of $200,000 pursuant to Federal Rule of Civil Procedure 65(c) in connection with the Preliminary Injunction;

WHEREAS, on July 24, 2025, the Court entered an Order narrowing the scope of the Preliminary Injunction to those Job Corps Centers associated with the named Plaintiffs;

WHEREAS, on September 5, 2025, the Court referred this matter for mediation;

WHEREAS, on September 18, 2025, Plaintiffs amended the complaint to add several additional contractors who operate or provide services to Job Corps Centers and two additional students;

AND WHEREAS, the parties have agreed to resolve this case on the following terms and conditions:

WHEREFORE, it is hereby AGREED and ORDERED as follows:

1. This lawsuit is dismissed with prejudice, without fees or costs to any party, as of the Effective Date (as defined below).

2. The Preliminary Injunction, ECF 57, 77, is vacated, as of the Effective Date.

3. DOL agrees to take any steps necessary to secure the release of the bond Plaintiffs posted in connection with the Preliminary Injunction.

4. Within ten days of the Court's entry of this stipulation, DOL shall fully and unconditionally rescind all Termination Notices, and take no further action to terminate Job Corps contracts based on or pursuant to those notices.

5. Until January 31, 2029, absent a major disaster, national emergency, or significant change to the funding provided to Job Corps by Congress, DOL:

a. will not issue program-wide Job Corps stop-work orders, termination notices, non-renewal notices, or any similar notices or announcements ending operations across multiple Job Corps centers, instead addressing any such notice according to the individualized circumstances of each specific center;

b. will, before closing any Job Corps centers to align program costs with Job Corps' appropriated funding levels, consider, in good faith, alternative steps to reduce program costs without the closing of any Job Corps centers;

c. will, if closing an individual Job Corps center, offer the students at the impacted center a chance to complete their training at a different center; and

d. will not pause or suspend processing of background checks or take program-wide actions that may prevent or inhibit the enrollment of students into open and active Job Corps centers.

6. Nothing in this Stipulation prevents DOL from issuing policy or program guidance regarding the day-to-day operation of the Job Corps program and centers. DOL also may issue center-specific Job Corps stop-work orders or operational pauses if a documented center-specific emergency has arisen making the continued operation of the Center unsafe for students and staff, provided that such stop-work orders or operational pauses shall remain in place only for the period of time the emergency exists.[1] DOL also may take specific contract actions to address performance concerns with individual Job Corps center operator contractors,

[1] Examples of emergencies include a fire event, hazardous materials incident (e.g., radiological, explosive, toxic, corrosive, biohazard, an oxidizer, an asphyxiate), natural occurrence or disaster, unscheduled utility outages, or any event that DOL concludes would prevent essential services (e.g., training, health and wellness services) from being safely delivered.

which may include stop-work orders, show-cause notices, or terminations including as set forth in 29 U.S.C. § 3209(f)(2).

a. If DOL pauses operations at a Job Corps center for any reason, it will provide a written explanation to the impacted center operator and National Training Contractors, as applicable, of the specific reasons for the pause and the conditions that would allow the center to resume operations.

b. If DOL issues a center-specific stop-work order, contract termination, operational pause, or takes any substantially similar action, DOL will provide the students at the impacted center a chance to complete their training at a different Job Corps center, and all student records will be handled, transferred between centers, and maintained according to federal records retention requirements as explained in the Job Corps center operator contract and the Job Corps Policy and Requirements Handbook (PRH).

7. This Stipulation represents the entire agreement and understanding between the Parties with respect to the subject matter hereof. The Parties acknowledge that no representations were made that are not part of this Stipulation or that caused the Parties to enter into this Stipulation.

8. The Parties agree that electronic, scanned, or facsimile signatures shall have the full force and effect of original signatures. This Stipulation may be executed in any number of copies, each of which shall be deemed to be a counterpart original.

9. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

10. This Stipulation is governed by the laws of the United States. This Court shall retain exclusive jurisdiction over any dispute relating to this Stipulation. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. This Stipulation is binding on the Parties' successors, transferees, heirs, and assigns.

12. This Stipulation is effective ten days after the date the Court enters it (the "Effective Date"). Should the Court not enter this stipulation, it shall be null and void, with no force and effect.

Agreed to by:

JAMES M. MCDONALD
United States Attorney

____________________
Jean-David Barnea
Dominika Tarczynska
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2679/2748
jean-david.barnea@usdoj.gov
dominika.tarczynska@usdoj.gov

*Counsel for Defendants*

____________________
Maximillian L. Feldman
Disha Verma
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY10118
Tel.: (212) 763-0883
Fax: (212) 564-0883
mfeldman@heckerfink.com
dverma@heckerfink.com

Amy Jeffress (admitted *pro hac vice*)
Minahil Khan (admitted *pro hac vice*)
HECKER FINK LLP
1050 K Street NW, 10th Floor
Washington, DC 20001
Tel.: (212) 763-0883
Fax: (212) 564-0883
ajeffress@heckerfink.com
mkhan@heckerfink.com

*Counsel for National Job Corps Association*

Benjamin D. White, Esq.
Michael L. Bloch, Esq.
Cristina Alvarez, Esq.
BLOCH & WHITE LLP
90 Broad Street, Suite 703
New York, NY 10004
Tel.: (212) 901-3825
bwhite@blochwhite.com
mbloch@blochwhite.com
calvarez@blochwhite.com

*Counsel for Jocelyn Rivera, Darius Harris and Daysha Quinones*

Tiffinay Pagni, Esq.
Vice-President & General Counsel
ADAMS AND ASSOCIATES, INC.
6151 Lakeside Drive, Ste. 1000
Reno, NV 89511
Tel.: (775) 348-0900
tpagni@adamsaai.com

*Counsel for Adams and Associates, Inc. and Education & Training Resources, LLC and Horizons Youth Services, L.C.*

Carla Siegel
IAM UNION LEGAL DEPARTMENT
9000 Machinists Place
Upper Marlboro, MD 20772
Tel.: (301) 967-4510
csiegel@iamaw.org

*Counsel for Transportation Communications Union/IAM*

Daniel J. Strouse
CORDATIS LLP
1011 Arlington Blvd. Suite 375
Arlington, VA 22209
Tel.: (202) 342-2550
dstrouse@cordatislaw.com

*Counsel for Alternate Perspectives, Inc. and LifeSkills Connection Inc.*

Ambika J. Biggs
HIRSCHLER FLEISCHER, A PROFESSIONAL CORPORATION
1676 International Drive, Suite 1350
Tysons, VA 22102
Tel.: (703) 584-8361
Fax: (703) 584-8901
abiggs@hirschlerlaw.com

*Counsel or Strategix Management, LLC*

Bruce R. Ewing
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, NY 10019
Tel.: (212) 415-9206
Fax: (212) 953-7201
ewing.bruce@dorsey.com

Alex P. Hontos (PHV)
Eric J. Weisenburger (PHV)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55401
Tel.: (612) 340-2600
Fax: (612) 340-2868
hontos.alex@dorsey.com
weisenburger.eric@dorsey.com

*Counsel for Management & Training Corporation*

Jenny Beene-Skuban
Associate General Counsel, US
ADVANCED PERSONNEL MANAGEMENT
9100 Shelbyville Road, Suite 104
Louisville, KY 40222
Tel.: (502) 630-9942
jenny.beene-skuban@apmnet.us

*Counsel for Arbor E&T LLC and Dynamic Educational Systems, Inc.*

Amanda G. Alexander
ALEXANDER LAW, P.A.
Post Office Box 1664
Jackson, MS 39215
Tel.: (601) 968-8571
aga@alexanderlawpa.com

*Counsel for Distinction, LLC, Human Learning Systems, LLC and MINACT, Inc.*

Paiten Taylor-Qualls
CHEROKEE NATION
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74464
Tel.: (918) 458-6998
paiten-qualls@cherokee.org

*Counsel for Cherokee Nation*

Thomas K. David, Esq.
RESTON LAW GROUP, LLP
2100 Reston Parkway
Suite 450
Reston, VA 20191
Tel.: (703) 483-2810
tdavid@restonlaw.com

*Counsel for Covenant Learning Solutions, LLC; Insights Training Group, LLC; and Heritage Services Corporation*

Michael S. Gottlieb, Esquire
MOMENTUM LAW GROUP
9211 Corporate Blvd., Suite 350
Rockville, MD 20850
Tel.: 301-658-2205x101
michael@momentumlawyers.com

*Counsel for The Bizzell Group, LLC*

Martin Peters, General Counsel
ECKERD YOUTH ALTERNATIVES, INC.
100 Starcrest Drive
Clearwater, FL 33765
Tel.: (727) 461-2990
mpeters@eckerd.org

*Counsel for Eckerd Youth Alternatives, Inc.*

Timothy M. Medcoff
Tyler B. Bugden
FARHANG & MEDCOFF, PLLC
100 S. Church Avenue, Suite 100
Tucson, AZ 85701
Tel.: (520) 214-2000
Fax: (520) 214-2001
tmedcoff@farhangmedcoff.com
tbugden@farhangmedcoff.com

*Counsel for Serrato Corporation*

Matthew E. Feinberg, Esq.
mfeinberg@pilieromazza.com
PILIEROMAZZA PLLC
1001 G Street NW, Suite 1100
Washington, DC 20001
Tel.: (202) 857-1000
Fax: (202) 857-0200

*Counsel for EXCEED, LLC*

Amy Laderberg O'Sullivan
CROWELL & MORING LLP
600 Fifth Street, NW
Washington, DC 20001-2595
Tel.: (202) 624-2563
aosullivan@crowell.com

Allyson McKinstry
CROWELL & MORING LLP
Two Manhattan West, 375 Ninth Avenue
New York, NY 10001
Tel.: (212) 803-4061
amckinstry@crowell.com

*Counsel for Chugach Training and Educational Solutions, LLC and ParadigmWorks Group, Inc.*

Rebecca Fiebig
Craig Smith
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel.: (202) 719-7000
rfiebig@wiley.law
csmith@wiley.law

*Counsel for Career Systems Development Corporation*

SO ORDERED:

Hon. Andrew L. Carter, Jr.
U.S. District Judge

September 1, 2026
Date